IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES INC.,

        Plaintiff,

v.

ROBERT S. TARGAN,

        Defendant.

Civil Action No. AW-05-1251

## MEMORANDUM OPINION

Currently pending before this Court are Plaintiff Merrill Lynch Business Financial Services, Inc.'s ("Merrill Lynch" or "Plaintiff") Request for Entry of Consent Judgment [9] and Motion to Stay Discovery [15]. Also before the Court is Defendant Robert Targan's ("Targan" or "Defendant") Motion for Summary Judgment [19]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Court grants Plaintiff's Request for Entry of Consent Judgment and finds the remaining motions moot.

### DISCUSSION

On August 27, 2004, in an earlier action styled *Merrill Lynch Business Financial Services, Inc. v. Robert S. Targan et al.*, Case No. AW-04-1609, this Court entered a final judgment in favor of Plaintiff against various corporate entities affiliated with Targan. The order of judgment, to which all parties had consented, provided that the case was to be dismissed without prejudice against Targan "pursuant to the Settlement Agreement and as placed on the record of this Court." (Dkt. No. 15.) In conjunction with the settlement and order of judgment, Targan entered into a consent judgment in favor of Plaintiff in the amount of $600,000. Plaintiff agreed to withhold filing the

consent judgment so long as Targan complied with the terms of the settlement agreement; the agreement provided, however, that "[i]n the event of a default which is not curable or not cured despite notice, [Plaintiff] shall have the right to file and record the consent judgment against Targan . . . ." (Pl.'s Reply. Mem. in Supp. of Req. for Entry of Consent J., Ex. 1 at 6.)

On May 10, 2005, Plaintiff initiated this action by filing a complaint and a signed copy of the $600,000 consent judgment. On January 9, 2006, after Targan filed an answer generally denying liability, Plaintiff filed its Request for Entry of Consent Judgment, contending that Targan was in breach of his settlement obligations, that Plaintiff was entitled to judgment in the amount of $600,000, and that Targan had not presented any evidence in his answer to forestall the entry of judgment against him. Plaintiff suggested that Targan could file a motion to reopen and vacate the judgment, after it was entered, if Targan had a basis for challenging the consent judgment. In response, Targan argued that neither the Complaint nor the Request for Entry of Consent Judgment adequately set forth the terms of the settlement agreement or the nature of Targan's alleged breach, and that Plaintiff had not met its burden of proof for entry of any type of judgment.

Upon consideration of Plaintiff's Request for Entry of Consent Judgment, the response and reply thereto, and the entire record, the Court concludes that Plaintiff is entitled to the entry of judgment against Targan in the amount of $600,000. The Court notes that Targan, through his counsel, signed a Consent Judgment providing that "Targan . . . consents to the entry of final judgment in favor of Merrill Lynch . . . in the amount of Six Hundred Thousand Dollars ($600,000)." Thus, the extent to which Merrill Lynch may or may not have detailed the nature and substance of Targan's alleged defaults under the settlement agreement is immaterial, given that Targan had already given his consent to the judgment. Merrill Lynch's decision to withhold filing the judgment

until now does not, in the Court's view, render that judgment, or Targan's consent thereto, ineffective. In addition, although Targan contends that judgment should not be entered in this case because Merrill Lynch has not fully explicated the nature of Targan's alleged breach, this case did not arise in a vacuum. Targan entered into the consent judgment in conjunction with a comprehensive settlement agreement and order of judgment in Case No. AW-04-1609, and Plaintiff has attached to its reply brief some of the lengthy and detailed letters sent to Targan prior to and during the pendency of this proceeding, letters that amply delineate Plaintiff's theory of the nature and extent of Targan's breach of the settlement agreement.

Finally, the Court agrees with Plaintiff that this action is most akin to a judgment by confession, where, ordinarily, the court directs the entry of judgment in favor of the plaintiff for liquidated damages, and the burden rests with the defendant to vacate, open, or modify the judgment by asserting a meritorious defense to the cause of action.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiff's Request for Entry of Consent Judgment [9]. A separate order follows.

Date: July 6, 2006

_____
Alexander Williams, Jr.
United States District Court