IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MERRILL LYNCH BUSINESS | * | |
| FINANCIAL SERVICES INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-05-1251 |
| | * | |
| ROBERT S. TARGAN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Merrill Lynch Business Financial Services, Inc. ("Plaintiff" or "Merrill Lynch") has brought an action against Defendant Robert S. Targan ("Defendant" or "Targan") seeking the entry of a Consent Judgment. Currently pending before the Court is Defendant's Motion to Vacate [23]. Plaintiff contests this motion. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. On December 27, 2006, the Court held a telephone conference concerning the motion and heard from all of the parties. Having considered the arguments of Plaintiff and Defendant, this Court will DENY Defendant's motion to vacate for the reasons set forth more fully below.

## FACTUAL & PROCEDURAL BACKGROUND

On August 27, 2004, this Court entered a final judgment in *Merrill Lynch Business Financial Services Inc. v. Robert S. Targan, et al.*, Case No. AW 04 CV 1609, in favor of Plaintiff against Targan, the Targan Group, Inc., National Center of Baltimore, LLC, Institute of Neurophysiology, Inc. and DME Providers, Inc., jointly and severally, on all claims in the amount of $1,250,628.07 through August 24, 2004, plus interest per diem in the amount of $140.63 until the date of judgment,

for a total of $1,251,049.96, along with court costs and reasonable collection and attorney's fees in the collection of judgment, of $48,000.00, plus one-third of the amount collected. The case was dismissed without prejudice against Defendant individually pursuant to the Settlement Agreement ("Agreement").

Plaintiff claims that pursuant to the Agreement, all of the Defendants to the previous litigation undertook certain obligations. Plaintiff alleges that if those obligations were breached and cure was not effected pursuant to the terms of the Agreement, the parties agreed Plaintiff could file the Consent Judgment against Targan in the amount of $600,000.00. Furthermore, Plaintiff contends that the Defendants from the previous litigation defaulted under the Agreement and failed to timely cure the defaults. As a result, on May 10, 2005, Plaintiff filed a complaint against Targan seeking entry of the Consent Judgment signed by Defendant's counsel. Accordingly, Plaintiff alleges that it is entitled to Judgment against Defendant in the amount of $600,000.00.

On January 9, 2006, Plaintiff filed a Request for Entry of the Consent Judgment. On February 22, 2006, Plaintiff filed a Motion to Stay Discovery. On May 23, 2006, Defendant filed a Motion for Summary Judgment. On July 6, 2006, this Court issued a Memorandum Opinion and Order granting Plaintiff's request for Entry of Consent Judgment in the amount of $600,000.00, and found Plaintiff's Motion to Stay Discovery and Defendant's Motion for Summary Judgment to be Moot. Furthermore, the Court gave Targan thirty days from the date of the Order to move to reopen, vacate, or modify the judgment. Accordingly, on July 17, 2006, Defendant timely filed a Motion to Vacate Judgment.

**STANDARD OF REVIEW**

*Motion to Alter or Amend, pursuant to Rule 59(e)*

Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. "A motion for reconsideration is granted only in limited circumstances." *Microbix Biosystems, Inc. v. BioWhittaker, Inc.*, 184 F.Supp.2d 434, 436 (D. Md. 2000). "Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit has previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Lockheed Martin Corp.*, 116 F.3d at 112; *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a

'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (*quoting RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir.1992)). In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright et al., *supra*, § 2810.1, at 124.

*Motion to Vacate, pursuant to Rule 60(b)*

On motion and upon such terms as are just, the Court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see H&W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248 (D. Md. 2000).

The Fourth Circuit employs a two-step analysis for Rule 60(b) motions. *See National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir.1993) ("The consideration of Rule 60(b) motions proceeds in two stages."). First, the movant must meet three threshold conditions to bring himself within the purview of the Rule. "[I]n order to obtain relief from judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). *See also National Credit*

*Union*, 1 F.3d at 264. A fourth threshold requirement, a showing of "exceptional circumstances," is also required in many cases. *See Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984) ("To bring himself within Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.") (citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *National Credit Union*, 1 F.3d at 264; *Dowell v. State Farm Fire and Casualty Automobile Ins. Co.*, 993 F.2d 46 (4th Cir. 1993)). Once the party has met each of those criteria, he then must satisfy the requirements of one of the six sections set forth in Rule 60(b).

## **ANALYSIS**

Defendant claims there are no material facts supporting Plaintiff's request for entry of the Consent Judgment. Defendant alleges that he, as well as all of the Obligors, performed their obligations and covenants under the terms of the Agreement. Defendant further contends that Plaintiff is in default of its duties and obligations under the terms and conditions of the Agreement. On the other hand, in deciding whether to vacate the judgment, Plaintiff urges the Court to revisit the standard referenced in the Court's previous Memorandum Opinion, where the Court found that this action was akin to a judgment by confession where the burden rests with Defendant to vacate, open, or modify the judgment by asserting a meritorious defense to the cause of action. As such, the issue here is whether Defendant has satisfied his burden of asserting a meritorious defense.

Plaintiff argues that Defendant has failed to present evidence that he was not in default of the Agreement. Plaintiff claims that Defendant simply lists all of the instances in which he has cooperated, or attempted to comply with the terms of the Agreement. Furthermore, Plaintiff asserts that, under the Agreement, it is not enough for Defendant to have done certain things and not others.

5

Therefore, Plaintiff contends that Defendant has defaulted under the Agreement and failed to proffer evidence for this Court to vacate the consent judgment.

All that is necessary for Targan to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party. *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Thus, Targan does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor. *See, e.g., Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir.1994) (finding that a meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a judgment, but rather one which at least raises a serious question regarding the propriety of a judgment and which is supported by a developed legal and factual basis). Although conclusive proof is not required, neither is "a bare allegation of a meritorious defense" sufficient. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corporation*, 383 F.2d 249, 252 (4th Cir. 1967).

On July 7, 2006, in an earlier Memorandum Opinion and Order, the Court interpreted paragraphs 2 and 8 of the Agreement to mean that entry of the consent judgment was not proper unless there was an occurrence of *any* of the events outlined in the Agreement that would constitute a default.[1] As a result, upon consideration of Plaintiff's Request for Entry of Consent Judgment, the

---

[1] Paragraph 2 of the Settlement Agreement states, in pertinent part:
> The action will be marked as settled as to Targan. However, the parties hereto will put on the record that Targan consents, pursuant to the terms of this Agreement, to a judgment of $600,000 .... The judgment will not be recorded and will not be filed unless there is a default as defined herein.

Paragraph 8 of the Settlement Agreement states, in pertinent part:
> The occurrence of any one or more of the following events shall

6

response and reply thereto, and the entire record, the Court concluded that Plaintiff was entitled to the entry of judgment against Targan in the amount of $600,000. A review of the record does not reflect that this finding is unfair or unsupported. Moreover, the consent judgment provision under the Agreement constitutes what appears to be a reasonable compromise by experienced entities and individuals who intended to set forth the remedies associated with any alleged breach.

  Here, Defendant has failed to justify a basis to vacate the judgment, pursuant to Rule 59(e) and 60(b). Furthermore, his exhibitions of mere conclusions fall short of providing the Court with a satisfactory explanation of a meritorious defense. Defendant's statements are no more than self conclusory declarations of the things he did to cooperate. In fact, a careful review of Defendant's statements and supporting affidavits reflect the absence of any specific, material, and substantive refutation of the breaches pointed out by Plaintiff and contemplated by the parties as a basis for judgment under the Agreement. Specifically, Defendant fails to refute the plethora of assertions of his incomplete, inadequate, delayed, slow, and even void responses that have been exhibited in detail throughout Plaintiff's affidavits and exhibits. Particularly, in exhibit 2, Jodie Getter not only details the breaches in paragraphs 1-12, but, in paragraph 13, specifically responds to the deficiencies of

---

constitute a default under this Agreement: (i) the failure of Borrowers to perform **any** of the obligations and covenants herein; (ii) the failure of Targan to cooperate and assist [Merrill Lynch] in the collection of any of the receivables of the Borrowers; (iii) if not timely cured, a proceeding being filed or commenced by or against Targan for bankruptcy; (iv) transfer or relinquishment by Borrowers at any time or from time to time of any material interest in the assets which are security for Borrower's obligations to [Merrill Lynch] without [Merrill Lynch's] consent; (v) Targan's commission of an act of fraud or defalcation which impairs [Merrill Lynch's] ability to collect debt due to it from Borrowers, and (vi) the death or incapacitation of Targan.

Targan's affidavit.

For example, in his affidavit, Defendant claims that he has provided to Plaintiff the originals of medical records, other files of Obligors, and credit card payment records requested by Plaintiff. (Def.'s Aff. ¶¶ 9-14). However, in Getter's affidavit, she specifically states that despite requests, Getter Healthcare never received adequate documentation of credit card receipts paid on outstanding balances due the National Center of Facial Paralysis or complete documentation of insurance payments, secondary payments, or private pay payments. (Getter's Aff. ¶ 7). In fact, in her affidavit, Getter states that it was only after Getter Healthcare received copies of checks paid to Targan or one of the Targan entities, including the Bells Palsy Research Foundation, from patients or insurers, did Targan turn over that particular patient's payment. (Getter's Aff. ¶ 13g). In addition, Getter claims that only patients that Getter Healthcare discovered have been turned over and no others were turned over voluntarily. *Id.*

Furthermore, even accepting everything Targan alleges in his affidavit as completely true, the problem is that Targan never refutes the explicit examples of breach that Getter and Merrill Lynch provide in their affidavits. Targan's affidavit, supporting his position that there was no breach, consists only of assertions of what Defendant "provided," "requested," "attempted," or was "in the process of doing." Even after accepting all of these assertions as true, because Targan does not specifically refute the precise instances demonstrating breach evidenced throughout Getter and Merrill Lynch's affidavits, the Court cannot find in favor of Defendant. In fact, a review of the number of correspondences between Plaintiff's counsel to Defendant's counsel, documenting all of the Defendant's breaches to the Agreement over an eleven month period, between January 2005 and November 2005, that preceded the filing of the complaint for judgment, further convinces the Court

that there was, in fact, a breach. (Merrill Lynch's Aff. Exh. 1-14).

As evidenced by the pleadings, the entire record, and the communications of the parties from the telephone conference held by the Court, Defendant has failed, and still fails, to refute Plaintiff's assertions of the instances in which he has defaulted under the Agreement. Instead, Defendant has merely proffered collateral information as to what he did or attempted to do. This is not enough. Any default under a plain reading of the settlement agreement is sufficient to trigger the default provision. As such, the Court does not believe that Defendant has met his burden to vacate the consent judgment.

## **CONCLUSION**

For all of the aforementioned reasons, where Defendant has failed to satisfy the burden and requirements under Rule 59(e) and 60(b), the Court will DENY Defendants' Motion to Vacate. An Order consistent with this Opinion will follow.

Date:  January 29, 2007                                              /s/
                                                   Alexander Williams, Jr.
                                                   United States District Court Judge