IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MERRILL LYNCH BUSINESS** | * | |
| **FINANCIAL SERVICES, INC.** | * | |
| | * | |
|     **Judgment Creditor,** | * | |
| | * | |
| v. | * | Civil Action No.: AW-05-1251 |
| | * | |
| **ROBERT TARGAN,** | * | |
| | * | |
|     **Judgment Debtor** | * | |
| | * * * * * * * | |

**REPORT AND RECOMMENDATION**

Pursuant to the referral of this case to me for the issuance of a Report and Recommendation, the undersigned has received Debtor's Motions to Release Property Under Levy ("Debtor's Motions for Release") (Docket Item Nos. 30 & 51), Debtor's Motions for Stay of Proceedings to Enforce a Judgment ("Debtor's Motions for Stay") (Docket Item Nos. 58 & 59), and Request of Third Person to Release Property Under Levy ("Third Person Request") (Docket Item No. 33). The undersigned provided counsel with thirty (30) days from the date of the referral to submit supplemental briefings on these motions, however, none were filed. The undersigned has reviewed these motions and all related briefings and now, on this **22nd day of July, 2008** submits this Report and Recommendation.

    **I. Executive Summary**

Debtor, Robert Targan and his wife, Sheila Targan, request the Court to release from garnishment all funds in Account Nos. 8707-0421 ("Account 0421"), 8707-0424 ("Account 0424") and 8707-0427 ("Account 0427"), in the possession of Charles Schwab & Co., Inc., on

1

the basis that these accounts are exempt from attachment under Maryland law. Given the $0.00 balance reported from Account 0421, the undersigned is of the opinion that the issues relating to this account are moot. With regard to Account 0424, the undersigned respectfully recommends that such relief be denied because Debtor's act of re-titling the account after he became insolvent constituted a fraudulent conveyance. Finally, the undersigned recommends that all funds in Account 0427 exceeding $10,100.00 not be released from garnishment because Debtor has failed to show that this account is a qualified retirement account that is exempt from attachment.

**II. Background**

Consent judgment was entered against Debtor on July 6, 2006. On or about December 22, 2006, a Writ of Garnishment of Property was issued regarding the accounts at issue in the instant motions. According to Garnishee Charles Schwab's Answer to the Writ of Garnishment, filed on January 4, 2007, Account 0421, which is in the names of Debtor and his wife as tenants by the entirety, has a net value of $0.00. Garnishee also represents that Account 0424 is a brokerage account in the names of Debtor and his wife with a net value of $59,811.16. Garnishee states that Account 0427 is an SEP-IRA account in his name alone with a net value of $69,074.10.

Debtor's Motions and the Third Person Request seek that these accounts be released from garnishment on the basis that they are exempt from attachment. Specifically, Debtor and his wife claim that the funds in Accounts 0421 and 0424 are exempt because they qualify as property held jointly by a husband and his non-debtor wife in an account established prior to the entry of judgment giving rise to garnishment. Debtor and his wife emphasize that, under Maryland law, garnishment of such accounts is not proper unless both owners are judgment

debtors. Further, Debtor contends that the funds in Account 0427 are exempt from attachment because it is a qualified retirement account pursuant to MD Code Ann., Cts. & Jud. Proc. § 11-504(h)(1).

Creditor opposes Debtor's Motions and the Third Party Request. With respect to Accounts 0421 and 0424, Creditor contends that the funds in those accounts should not be treated as tenancy by the entirety property due to Debtor's fraudulent dealings. Creditor argues that Judgment Debtor made all of the contributions to these accounts on his own. Further, Creditor argues that Debtor was aware that he was going to default on his loans, and re-titled the accounts in order to safeguard his assets, which constituted a fraudulent conveyance under §§ 15-202 and 15-204 of the Maryland Commercial Law Code. In support of this theory, Creditor was permitted to take additional discovery regarding Debtor's financial condition, and provided the Court with a chronological overview of Debtor's assets and liabilities in the years leading up to the re-titling of these accounts.

Creditor also contends that the assets held in Account 0427 would only be subject to the exemptions claimed by Debtor if the contributions to the plan did not exceed the maximum allowed under the Internal Revenue Code. Creditor argues that Debtor made contributions to Account 0427 in excess of the legal maximum, and since all of the monies in the account are commingled, no portion of his contributions can be exempt. Finally, Creditor argues that Account 0427 does not constitute an exempt qualified retirement account because Debtor has not shown that his employer made matching contributions to the account, as required by 26 U.S.C. § 408(p).

**III. Discussion**

   *A. Account 4024*

With regard to Account 4024, the undersigned is of the opinion that this account should not be exempt from garnishment by Creditor. Ordinarily, "[a] garnishment against property held jointly by husband and wife, in a bank . . . is not valid unless both owners of the property are judgment debtors," and the account "was established as a joint account prior to the date of entry of judgment giving rise to the garnishment." MD Code Ann., Cts. & Jud. Proc. § 11-603.[1] However, if a debtor has fraudulently conveyed his assets to a third-person in order to prevent his creditors from garnishing such property, a creditor whose claim has matured may levy on or garnish the property conveyed as if the transfer was never made. MD Code, Commercial Law § 15-209(a).

In this case, neither party disputes that Account 0424 is held in the names of Debtor and his wife, as reflected in Garnishee's Answer to the Writ, the affidavits of Debtor, and account statements provided to the Court. Debtor also affirms that the account was re-titled as a tenancy by the entirety prior the date of entry of judgment against him.

Nonetheless, Creditor contends that Debtor's dealings in establishing and re-titling these accounts were fraudulent. First, Creditor argues that Debtor admitted that all of the assets in the account were his alone. Creditor refers to Debtor's own statements during his deposition, during

---

[1] This statute codifies common law in which Maryland courts have long recognized the creation of a joint bank account between husband and wife as the creation of a tenancy by the entirety. *See, e.g., Baker v. Baker*, 90 A. 776 (Md. 1914). It is also well established that in Maryland, property held by the entirety is not subject to the claims of individual creditors of either spouse. *In re Ford*, 3 B.R. 559, 575 (Bankr. D. Md. 1980) (citing *Phillips v. Krakower,* 46 F.2d 764, 765 (4th Cir. 1931)).

which he testified that "[o]ver the years, 12 years ago, I would say 12 years ago when we opened the account, whatever money I was earning that was beyond what I needed for immediate expenses, we bought small amounts of stock."

The Court is not persuaded by this sole reference in the deposition that Creditor's position is correct. Even assuming that Debtor made all of the contributions, the law does not require mutual contributions by each spouse for a tenancy by the entirety to be effective. *See, e.g.,* MD Code Ann., Cts & Jud. Proc. § 11-603; *Baker v. Baker*, 90 A. 776, 779 (Md. 1914) (finding that a tenancy by the entirety was created where the husband deposited $2,000 to the credit of himself and his wife without reserving the right to withdraw the deposit).

More persuasive is Creditor's argument regarding the fraudulent conveyance due to insolvency. Creditor claims that Debtor's conveyance of these accounts from his name to the names of Debtor and his wife were fraudulent because Debtor was insolvent at the time of the conveyance. Under Maryland law, a conveyance is fraudulent as to creditors if it is made by a person who is or will be rendered insolvent by the conveyance, regardless of the individual's actual intent. MD Code Ann., Com. Law § 15-204. An individual is insolvent if the present fair market value of his assets is less than the amount required to pay his probable liability on his existing debts as they become absolute and matured. *Id.* § 15-202.

Given the detailed and uncontradicted chronology set forth in Creditor's so-called Memorandum of Law in Support of Garnishment on Charles Schwab & Co., Inc. and in Opposition to Motions for Release of Garnished Funds ("Creditor's Supplemental Opposition"), it is clear that, at the time that Account 0424 was re-titled from Debtor's name alone to a tenancy by the entirety on December 15, 2003, Debtor's liabilities outnumbered his assets. Accordingly,

under Maryland Law, Debtor was insolvent. Furthermore it is undisputed that the transfer of this account to a tenancy by the entirety was not accompanied by adequate consideration.

Neither the Debtor nor his spouse have disputed the determination of insolvency at the time of the re-titling of the accounts. Additionally, although Debtor contends that he and his wife held these accounts as joint tenants prior to the re-titling of the account to a tenancy by the entirety, neither Debtor nor his wife has provided any credible evidence that this was the case. In short, Debtor's wife is not entitled to priority when Debtor transferred his interest in property without consideration in order to exclude pre-existing creditors from recourse to such property. The undersigned is of the opinion that the re-titling of the account constituted a garden variety fraudulent conveyance, which should not shield the account from garnishment by Creditor.

*B. Account 4027*

Debtor claims that the funds in Account 4027 are exempt from the claims of Creditor under the Maryland statute, which provides as follows:

> In addition to the exemptions provided in subsections (b) and (f) of this section and any other provisions of law, any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan qualified under § 401(a), § 403(a), § 403(b), § 408, § 408A, § 414(d), or § 414(e) of the United States Internal Revenue Code of 1986, as amended, or § 409 (as in effect prior to January 1984) of the United States Internal Revenue Code of 1954, as amended, shall be exempt from any and all claims of the creditors of the beneficiary or participant, other than claims by the Department of Health and Mental Hygiene.

MD Code Ann., Cts. & Jud. Proc. § 11-504(h)(1). Simplified Employee Plans or SEP's are qualified retirement accounts pursuant to § 408 of the United States Internal Revenue Code, and therefore, may be exempt from attachment if certain qualifications are met. Debtor contends that Account 0427 is an "SEP-IRA" account that is exempt from attachment by his creditors.

6

However, in the instant case, Debtor has not satisfied his burden of demonstrating that he qualifies for the exemption. *See Clark v. Wilbur*, 913 F. Supp. 463 (S.D. W. Va. 1996) (holding that the burden of proving that property of a debtor is exempt rests upon the party asserting the exemption). First, 26 U.S.C. § 408(k)(2) imposes a requirement that an employer make a contribution to an employee retirement account in order for the account to qualify as a "simplified employee pension" that would be exempt from garnishment. The statute states that the participation requirement is satisfied with respect to a simplified employee pension "*only if* for such year the employer contributes to the simplified employee pension of each employee . . .". 26 U.S.C. § 408(k)(2) (emphasis added).

While Debtor has provided a great deal of financial information with respect to his tax returns and W-2 statements, these documents fail to demonstrate any employer contribution or adjustments to show compliance with the federal statute. Although Debtor cites to an unreported opinion from the Sixth Circuit that holds that employer participation is not mandatory, the Court finds that the plain language of the statute is inconsistent with this interpretation. As Debtor has failed to make the requisite showing that there has been the required contributions by an employer to the account in question, the undersigned finds that Account 4027 does not fit within the SEP-IRA exemption.

Further, under the Maryland statute, assets in a straightforward IRA account are only subject to exemption if the contributions to the account do not exceed the maximum allowed under the Internal Revenue Code. MD Code Ann., Cts. & Jud. Proc. § 11-504(h)(4). Under the Code, the maximum contribution for the years 1995 through 2000 was $10,100, which Debtor exceeded by $39,199. *See* 26 U.S.C. § 219 (b)(1)(A). Accordingly, the undersigned

7

recommends that Judgment Creditor be entitled to all proceeds in Account 4027 in excess of $10,100.00.

**IV. Conclusion**

For the aforementioned reasons, the undersigned recommends that Debtor's Motions for Release, Debtor's Motions for Stay, and the Third Person Request be DENIED.

/s/
Charles B. Day
United States Magistrate Judge

CBD/nrh